# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
ADEM BILALI, an infant by his mother    \*
and natural guardian, KARINA TORRES,    \*
    \*     No. 13-716V
      Petitioner,    \*     Special Master Christian J. Moran
    \*
v.     \*
    \*     Filed: November 12, 2014
SECRETARY OF HEALTH     \*
AND HUMAN SERVICES,     \*     Dismissal; Hepatitis B;
      Respondent.    \*     Pneumococcal vaccines.
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Craig A. Post, Barr & Haas, Spring Valley, NY for petitioner.
Alexis B. Babcock, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Karina Torres filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300aa—10 et seq., on behalf of Adem Bilali on September 23, 2013. Her petition alleged that her minor child, Adem, suffered an adverse reaction, as a result of the hepatitis B and pneumococcal vaccinations received on April 27, 2011. The information in the record, however, does not show entitlement to an award under the Program.

### I. Procedural History

On September 23, 2013, Ms. Torres, on behalf of her minor child, Adem Bilali, filed a petition alleging that Adem's injuries were caused in fact by the pneumococcal and hepatitis B vaccines he received on August 27, 2011. No medical records were filed with the petition as required by 42 U.S.C. § 300aa—11(c).

On October 31, 2013, a status conference was held. During the status conference, the parties discussed petitioner's medical records and petitioner's expert report. The

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa—12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

undersigned advised the petitioner to file a supplemental expert report. Respondent noted the previous case law in regards to seizures disorders and SCN1A gene mutations. Petitioner continued to postpone the filing of their outstanding medical records.

On April 25, 2014, Petitioner's counsel moved for a 30 day suspension because of the review of recent Federal Circuit decisions. The undersigned granted the stay and scheduled another status conference.

On October 21, 2014, Ms. Torres on behalf of Adem, moved for a decision dismissing her petition. They noted that "[a]n investigation of the facts and science supporting their case has demonstrated . . . that they will be unable to prove that they are entitled to compensation." Mot. for a Decision Dismissing Petition at ¶ 1.

## II.    Analysis

To receive compensation under the National Vaccine Injury Compensation Program, petitioners must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinee's vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. See §§ 300aa—13(a)(1)(A) and 300aa—11(c)(1). An examination of the record did not uncover any evidence that Adem suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that Adem's injuries were vaccine-caused.

Under the Act, petitioners may not be given a Program award based solely on the petitioners' claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa—13(a)(1). In this case, because the medical records do not support Ms. Torres' claim, a medical opinion must be offered in support. Ms. Torres' expert opinion was not sufficient. Accordingly, it is clear from the record in this case that she has failed to demonstrate either that Adem suffered a "Table Injury" or that Adem's injuries were "actually caused" by a vaccination.

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Christina Gervasi, at (202) 357-6521.
**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master